## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | |
|---|---|
| Dornell Wausi Chavous,<br>      Petitioner, | )<br>)<br>) |
| v. | )          1:11cv337 (CMH/TCB)<br>) |
| Harold Clarke,<br>      Respondent. | )<br>) |

### MEMORANDUM OPINION

Dornell Wausi Chavous, a Virginia inmate proceeding pro se, has filed a petition for a writ

of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction

following a guilty plea in the Circuit Court for the City of Portsmouth, Virginia. On July 7, 2011,

respondent filed a Rule 5 Answer accompanied by a Motion to Dismiss and supporting brief.

Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v.

Garrison, 528 F.2d 309 (4th Cir. 1975), and he has filed a response. Accordingly, this matter is

now ripe for disposition. For the reasons that follow, respondent's Motion to Dismiss must be

granted, and the petitioner's claims must be dismissed.

### I. Background

Petitioner is incarcerated pursuant to a final judgment of the Circuit Court for the City of

Portsmouth, Virginia, entered on August 28, 2009. Petitioner pleaded guilty to possession of

heroin with intent to distribute, second offense, and was sentenced to twenty years imprisonment

with nine years suspended. Commonwealth v. Chavous, R. No. CR09-498. Petitioner did not

pursue a direct appeal.

On July 16, 2010, petitioner filed a state writ of habeas corpus in the Supreme Court of

Virginia raising the following two claims:

> A.    Counsel was ineffective for failing to advise petitioner
> accurately about his guilty plea in that counsel advised him
> he would receive a "cap sentence" of no more than 11 years
> and counsel failed to advise him regarding the difference
> between being sentenced by a judge and by a jury and the
> possibility of appeal.  Further, counsel was ineffective for
> failing to completely investigate the charges against
> petitioner, which would have led competent counsel to move
> the court to dismiss the charges for lack of probable cause.
>
> See State Pet Mem. in Supp. at 2-10.

> B.    Counsel was ineffective for failing to file a notice of appeal
> because the terms of the plea agreement were violated.
> Further, counsel did not consult with petitioner regarding the
> possibility of appeal.  Had he done so, petitioner would have
> asked counsel to file an appeal. Counsel was ineffective for
> failing to file for reconsideration of the denial of his appeal
> by a three judge panel and for not then appealing to the
> Virginia Supreme Court.
>
> Id. at 10-12.

By Order dated January 13, 2011, the Supreme Court of Virginia denied petitioner's state

habeas petition. Chavous v. Dir. Dep't of Corr. R. No. 101390. Petitioner filed a petition for

rehearing, which the Supreme Court of Virginia also denied on March 10, 2011.  Id.

Petitioner timely filed the instant petition for § 2254 habeas corpus relief on March 18,

2011,[1] raising the following claims:

> 1)    Counsel was ineffective for failing to advise petitioner
> accurately regarding the plea agreement, failing to
> investigate and prepare, and for failing to move to suppress
> the evidence on the grounds that the search was not

---

[1] For pro se prisoners, a petition is deemed filed when the prisoner delivers his pleading to prison
officials. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also
Houston v. Lack, 487 U.S. 266 (1988). In this case, petitioner certified that he placed his habeas
petition in the prison mailing system on March 18, 2011. See Fed. Pet. at 16; ECF No.1.

supported by probable cause.

2) Counsel was ineffective for failing to appeal petitioner's convictions because the terms of the plea agreement as to sentence were violated.

3) Counsel was ineffective for failing to object on the grounds that the search warrant was not signed.

## II. Exhaustion and Procedural Bar

In reviewing a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, a federal court must first determine whether the petitioner has exhausted his claims before the appropriate state courts and whether those claims are barred by a procedural default. As a general rule, a federal petitioner must first exhaust his claims in state court because exhaustion is a matter of comity to the state courts; failure to exhaust a claim requires its dismissal by the federal court. See 28 U.S.C. § 2254(b); Granberry v. Greer, 481 U.S. 129, 134 (1987); Rose v. Lundy, 455 U.S. 509, 515-19 (1982). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, in Virginia, a § 2254 petitioner must first have presented the same factual and legal claims to the Supreme Court of Virginia either by way of a direct appeal, a state habeas corpus petition, or an appeal from a circuit court's denial of a state habeas petition. Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir. 1997) (quoting Picard v. Connor, 404 U.S. 270, 275-78 (1971) for the proposition that for a claim to be exhausted, "both the operative facts and the 'controlling legal principles' must be presented to the state court."); see Pruett v. Thompson, 771 F.Supp. 1428, 1436 (E.D.Va. 1991), aff'd 996 F.2d 1560 (4th Cir. 1993) (exhaustion requirement

3

is satisfied when "allegations advanced in federal court ... [are] the same as those advanced at least once to the highest state court.").

This does not end the exhaustion analysis, however, because "[a] claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)). Importantly, however, if "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence," this will "prevent[] federal habeas review of the defaulted claim." Id. (quoting Gray, 518 U.S. at 162).

Applying these principles to this case, claims (1) and (2) of the instant petition are exhausted because the petitioner raised them in the Supreme Court of Virginia in his state habeas proceeding. However, claim (3) is simultaneously exhausted and defaulted because it has never been presented to the Virginia courts, but if petitioner now attempted to raise claim (3) in the state forum, it would be barred as successive pursuant to Va. Code § 8.01-654(B)(2). See Baker v. Corcoran, 220 F.3d at 288. Because the Fourth Circuit has "held on numerous occasions that the procedural default rule set forth in § 8.01-654(B)(2) constitutes an adequate and independent state-law ground for decision," Mackall v. Angelone, 131 F.3d 442, 446 (4th Cir. 1997), claim (3) of this petition is procedurally defaulted from federal consideration.

Federal courts may not review barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris v. Reed, 489 U.S. 255, 260 (1989). The existence of cause ordinarily turns upon a showing of (1) a denial of effective

4

assistance of counsel, (2) a factor external to the defense which impeded compliance with the state

procedural rule, or (3) the novelty of the claim. See Coleman, 501 U.S. at 753-54; Clozza v.

Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton v. Muncy, 845 F.2d 1238, 1241-42 (4th

Cir. 1988). Importantly, a court need not consider the issue of prejudice in the absence of cause.

See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996).

In this case, petitioner's rambling response to the respondent's Motion to Dismiss makes no

showing of cause and prejudice or a fundamental miscarriage of justice. Therefore, claim (3) of

this petition is procedurally barred from consideration on the merits.

### III. Standard of Review

Where a state court has addressed the merits of a claim raised in a federal habeas petition,

a federal court may not grant habeas relief unless the state court's adjudication is contrary to, or an

unreasonable application of, clearly established federal law, or is based on an unreasonable

determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision

is "contrary to" or "an unreasonable application of" federal law is based on an independent review

of each standard. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination

meets the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the

United States Supreme] Court on a question of law or if the state court decides a case differently

than [the United States Supreme] Court has on a set of materially indistinguishable facts."

Williams, 529 U.S. at 413. Under the "unreasonable application" clause, the writ should be

granted if the federal court finds that the state court "identifies the correct governing legal

principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts

of the prisoner's case." Id. Moreover, this standard of reasonableness is an objective one. Id. at

410.

## IV. Merits

In both of his claims, petitioner argues that counsel rendered ineffective assistance.  To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984).  To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690.  Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also, Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis");  Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy.").

To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.  And, in this respect, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord, Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005).  The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension."

6

Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted, emphasis original). The two

prongs of the Strickland test are "separate and distinct elements of an ineffective assistance

claim," and a successful petition "must show both deficient performance and prejudice." Spencer,

18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if

a petitioner fails to show prejudice. See Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir.

1998).

    A.    <u>Claim 1</u>:

        In his first claim, petitioner alleges that his counsel was ineffective for failing to advise

petitioner accurately regarding the plea agreement, failing to investigate and prepare, and for

failing to move to suppress the evidence on the grounds that the search was not supported by

probable cause. When petitioner presented this claim in his state habeas petition the Virginia

Supreme Court rejected it explaining that it failed to satisfy both the "performance" and

"prejudice" prong of the Strickland, 466 U.S. at 687, because

> [t]he record, including the plea agreement and the
> transcript of the plea colloquy, demonstrates that
> petitioner was aware of the maximum potential
> sentence he could receive and understood that there
> was no specific agreement as to sentencing. . . . .
> Petitioner was also advised by the court that by
> pleading guilty, he would lose his right to a jury trial
> and his right to appeal anything except the court's
> jurisdiction. Thus, petitioner has failed to
> demonstrate that there is a reasonable probability
> that, but for counsel's alleged errors, he would have
> pleaded not guilty, would have proceeded to trial,
> and the outcome of his trial would have been
> different. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Chavous v. Commonwealth, R. No. 101390.

Furthermore, the Virginia Supreme Court also rejected the portion of the petitioner's claim alleging that counsel failed to adequately prepare and investigate petitioner's case, and that counsel erred by failing to move to suppress evidence on the grounds that such evidence was not supported by probable cause. The Virginia Supreme Court explained:

> The Court rejects this portion of claim [1] because petitioner failed to offer a valid reason why he should not be bound by his representation at trial that his counsel's performance was adequate. Anderson v. Warden, 222 Va. 511, 516, 281 S.E. 2d 885, 888 (1981).

Chavous v. Commonwealth, R. No. 101390.

Petitioner's argument that he is not bound by his representation at trial because he was not specifically asked "[h]ave you had enough time to discuss with your lawyer any possible defense which you may have to [these] charges" and "are you entirely satisfied with the service of your lawyer representing you in this matter" is without merit. Pet's Resp. at 4; ECF No. 15. The transcript of the plea colloquy establishes that the Portsmouth Circuit Court asked the petitioner if he had "discussed the case fully and thoroughly" with his lawyer, plea tr. at 4, and whether he was "satisfied with Mr. Kozak," petitioner's attorney. Id. at 6. In response to these questions, petitioner informed the court that he had time to discuss his case and that he was satisfied with his counsel. Id. at 4, 6. Furthermore, the court asked petitioner whether he had "any complaints at all," to which the petitioner responded "[n]o, sir." Id. at 6.

A review of the records and transcripts confirms that the decision by the Virginia Supreme Court was not contrary to, or an unreasonable application of, controlling federal law. The decision was also not based on an unreasonable determination of the facts. Therefore, this Court must defer to the state court's judgment and deny habeas relief on claim (1). See Williams, 529

8

U.S. at 412.

    B.    <u>Claim 2:</u>

In his second claim petitioner alleges that counsel rendered ineffective assistance because he failed to appeal petitioner's convictions. When petitioner raised this claim in his state habeas petition the Virginia Supreme Court rejected it stating

> [C]laim [2] satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in <u>Strickland</u>. The record, including the plea agreement and the transcript at the plea colloquy, demonstrates that the terms of the plea agreement were not violated. Furthermore, the record, including the petition for writ of habeas corpus, demonstrates that petitioner did not ask counsel to file an appeal. Thus, petitioner has filed to establish that he objectively and timely demonstrated his intent to appeal. <u>Miles v. Sheriff</u>, 266 Va. 110, 115, 581 S.E.2d 191, 194 (2003).

<u>Chavous v. Commonwealth</u>, R. No. 101390.

Review of the plea colloquy establishes that the Commonwealth agreed that the active sentence "shall not exceed fifteen years." Plea Tr. at 9. The Commonwealth abided by that agreement, as petitioner is serving an active sentence of eleven years. Furthermore, the record does not demonstrate that petitioner asked his counsel to file an appeal. Accordingly, the determination by the Virginia Supreme Court was not contrary to, or an unreasonable application of, controlling federal law and it was not based on an unreasonable determination of the facts. Therefore, this Court must defer to the state court's judgment and deny habeas relief on claim (2). See <u>Williams</u>, 529 U.S. at 412.

## VI. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss must be granted, and this

petition must be dismissed.  An appropriate Order shall issue.

Entered this __20th__ day of __December_____ 2011.


_____/s/_____
Claude M. Hilton
United States District Judge

Alexandria, Virginia